**Alicia Sharon (O'Hearn) GLASS, Appellant,**

v.

**Daniel Patrick O'HEARN, Appellee.**

**No. 17865.**

Court of Civil Appeals of Texas, Fort Worth.

June 9, 1977.

Philip S. Kouri and T. W. Schueller, Wichita Falls, for appellant.

Howard L. Martin, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

Parties to the appeal were formerly husband and wife. The wife sued for and obtained judgment of the trial court for divorce. However, she failed to prevail by the portion of her petition wherein she sought to obtain custody (to be the managing conservator) of the parties' minor child, Ronny Paul, born in October of 1971. By the judgment of the court Daniel Patrick O'Hearn was given custody of Ronny Paul, with the decree of the court that the child's mother pay to him the sum of $50.00 per month as child support. From this judgment the mother appealed.

We affirm.

Trial below was held subsequent to the amendment (effective May 27, 1975) of V.A. T.S. art. 2324, "Duty of Reporter". Neither party requested that a reporter be present on trial for purposes of recording the testimony. Thereby right to a stenographic record of the trial was waived. Where that situation has obtained a party desiring to appeal must obtain agreement of his adversary upon the statement of facts, if any is to be a part of the appellate record, and failing the agreement he must obtain from the court (if that is possible) the statement of facts by which he will be bound on appeal. T.R.C.P. 377(d), "Statement of Facts".

■ In this case the parties were unable to agree on the statement of facts, as result of which all questions relative thereto were settled by the trial court having made its own statement, filed with the clerk and made a part of the transcript. Appellant was most unhappy with the court's statement of the facts and this was obvious upon the hearing of her appeal. No matter how dissatisfied he might be an appellant is nevertheless bound by the court's statement of the facts in instances like unto that here presented.

Appellant requested that the trial court file findings of fact and conclusions of law, by T.R.C.P. 296, "Conclusions of Fact and Law". Such were filed by the court and made a part of the record.

■ Plaintiff/appellant wife's first point of error complains that findings of fact Nos. 6 to 9, inclusive, and conclusions of law Nos. 4 and 5, were unsupported by the evidence in the trial court's own statement of facts and were so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous. Her second point asserts that by reason of the fact asserted by the first point of error there was abuse of discretion on the part of the trial court in the award of custody.

Of the foregoing the conclusions of law by the trial court were both to the effect that it would be in the best interest of the parties' child, Ronny Paul, for his custody to be in the father, with reasonable visitation rights granted the mother. The findings of fact upon which the conclusions were founded were: emotional stability of the father and emotional instability of the mother; good moral character of the father and lack thereof by the mother; and a superior home environment and advantages incident to be obtained therein by the child through grant of custody to the father.

Any one of the fact findings would support the court's ultimate conclusion that it would be to the best interest of Ronny Paul that his custody be granted to his father. All of the findings of fact were supported by the statement by the court of the facts proved upon trial and found by him as the fact finder in the case. We hold that none of the fact findings were so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous; that there was no error in the legal conclusions thereupon founded; there was not an abuse of discretion by the court in the award of custody.

Judgment is affirmed.